IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:15-CR-0141-TWT-JFK |
| ISMAEL DIAZ-OCHOA, | |
| Defendant. | |

**ORDER AND REPORT AND RECOMMENDATION**

Pending before the court is Defendant Ismael Diaz-Ochoa's motion [Doc. 15] and amended motion [Doc. 20] to suppress evidence.[1] The Government opposes, as stated at the pretrial conference, the motions to suppress. [Doc. 23]. Based on binding legal authority in this Circuit, the court denies Defendant's request for an evidentiary hearing on his motions to suppress evidence and recommends that Defendant's motions to suppress evidence be denied.

In support of his motions, Defendant alleges that he was arrested on November 30, 2014, by the Cherokee County Sheriff's Office while he was a passenger in a

---

[1] Defendant also filed a Jackson v. Denno motion [Doc. 16] to suppress statements made on January 8, 2010, and on August 18, 2006, to immigrations officers. The Government advised the court that the statement made on August 18, 2006, will not be introduced in the case-in-chief against Defendant at trial. And the court deferred the issue of admissibility of the January 8, 2010, statement to the District Court.

vehicle stopped by law enforcement. He was subsequently charged with state offenses of giving a false name and forgery. Defendant alleges that he was then transferred into immigration custody.[2]  [Doc. 20 at 1-2]. Defendant provides no details of the arrest by the Cherokee County Sheriff's Office only alleging that "[t]here is no indication that the stop, detention, and arrest of [Defendant] occurred pursuant to a warrant." [Id. at 2]. Defendant contends that, if his arrest by Cherokee County Sheriff's Office violated the Fourth Amendment, he is entitled to suppression of evidence obtained as fruits of the unlawful detention and arrest, including fingerprints, A-file, photographs, and other identity-related evidence.[3]  [Id. at 2].

It is well settled that "'[a] motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. . . . A court need not act upon general

---

[2] The Government provides the additional information that, after Defendant's arrest, Cherokee County Jail officers screened Defendant through the Criminal Alien Program/Priority Enforcement Program and identified him as a previously-deported alien. An immigration detainer was lodged on Defendant, and he was transferred to Immigration and Customs Enforcement ("ICE") custody on March 2, 2015. [Doc. 23 at 1-2]. Although an interview was attempted on that day, Defendant declined to answer questions. [Id. at 2].

[3] Although Defendant seeks suppression of any statements he made regarding the same type of information, as noted, Defendant declined to be interviewed by immigration officers following the November 2014 arrest.

2

or conclusory assertions. . . .'" United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985)). Thus, if a motion to suppress fails to allege facts, that if proved, would entitle a defendant to relief, a court is not required to hold an evidentiary hearing, independent of trial, to reach a determination with respect to the motion. See United States v. Horne, 198 Fed. Appx. 865, 869-70 (11th Cir. 2006) ("A district court 'may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief.'") (citations omitted); United States v. Robinsion, 2015 WL 468467, at *1 n.1 (S. D. Ala. February 4, 2015) (because the defendant failed to allege "a specific . . . factual narrative that, if proved, would entitle him to relief[,]" "'the law does not require that the district court hold a hearing independent of the trial to receive evidence . . .'") (quoting Cooper, 203 F.3d at 1285)).

In this case, Defendant has not alleged facts, under binding Eleventh Circuit Court of Appeals legal authority, which would entitle him to relief on his motions to suppress physical evidence obtained following his November 2014 arrest. As Defendant acknowledges [Doc. 20 at 2-3], the Eleventh Circuit Court of Appeals has determined that identity-related evidence obtained following a detention and/or arrest

3

is not suppressible under the exclusionary rule. United States v. Farias-Gonzalez, 556 F.3d 1181 (11th Cir. 2009); and see United States v. Aguila-Perez, 344 Fed. Appx. 521, 522-23 (11th Cir. 2009) (the defendant "concedes that neither his fingerprints nor his alien file may be suppressed under [Farias-Gonzalez] but preserves this issue for subsequent review"); United States v. Lopez-Garcia, 565 F.3d 1306, 1320 (11th Cir. 2009) (citing Farias-Gonzalez and finding that identity evidence is not subject to suppression and that the A-File "is never suppressible when it is offered only to prove a defendant's identity, regardless of whether the government had found the file as a result of an unlawful search"); United States v. Arroyo-Garcia, 2014 WL 1309078, at *4 (N.D. Ga. March 31, 2014) (although the government did not contest that the traffic stop resulting in the defendant's arrest was unlawful, "to the extent the government seeks to introduce evidence solely for identification purposes, the law is clear in the Eleventh Circuit that 'identity-related evidence is not suppressible . . . even when the evidence is obtained as a result of an unconstitutional search or seizure'") (citation omitted). Therefore, even if Defendant's Fourth Amendment rights were violated by his November 2014 arrest, he cannot obtain the relief he seeks, i.e., suppression of his fingerprints, photograph, A-file and related information. For this reason, the court

4

denies Defendant's request for an evidentiary hearing on his motions to suppress evidence and recommends that the motions be denied.

For the foregoing reasons and cited authority, the court **DENIES** Defendant's request for an evidentiary hearing; **RECOMMENDS** that Defendant's motion [Doc. 15] and amended motion [Doc. 20] to suppress evidence be **DENIED**; and **DEFERS**, as discussed *supra*, to the District Judge Defendant's motion [Doc. 16] to suppress statements pursuant to Jackson v. Denno.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**IT IS SO ORDERED AND RECOMMENDED** this 8th day of July, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

5